# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BECKLEY DIVISION

MICKEY F. MITCHELL,

        Plaintiff,

v.                                            CIVIL ACTION NO. 5:18-cv-00074

UNITED STATES, et al.,

        Defendants.

## MEMORANDUM OPINION AND ORDER

The Plaintiff, Mickey F. Mitchell, filed a *pro-se Complaint* (Document 1) pursuant to the Federal Tort Claims Act (FTCA), asserting medical negligence claims against certain doctors employed by the Department of Veteran Affairs (VA). By *Standing Order* (Document 3) entered January 22, 2018, this matter was referred to the Honorable Judge Omar J. Aboulhosn, United States Magistrate Judge, for findings of fact and recommendation for disposition. On February 8, 2018, the United States moved to dismiss the individual Defendants and substitute the United States as the Defendant in the matter. On February 13, 2018, the United States further moved to dismiss the Plaintiff's complaint in its entirety. In a *Proposed Findings and Recommendation* (PF&R) (Document 30), entered on July 30, 2018, Judge Aboulhosn recommended that the motion to substitute the United States as the Defendant in the action be granted, and that the motion to dismiss be granted. The Plaintiff filed objections to the PF&R (Document 31) on August 15, 2018. The Court has reviewed the PF&R, the Plaintiff's objections, and the underlying briefing.

1

For the reasons stated herein, the Court finds that the objections should be overruled and the motion to dismiss should be granted.

## FACTS

Mr. Mitchell received medical services from the VA, specifically at the Beckley Veterans Affairs Medical Center (VAMC). While the timeline surrounding those services is unclear, he had been receiving medical care from physicians at the VA since at least 2008. According to Mr. Mitchell, certain physicians at the VA discovered a "urinary obstruction" during an examination in 2008 but failed to inform him of this diagnosis. He did not find out about this diagnosis until November 2014. Although multiple doctors were aware of his diagnosis based on "consults, labs, and ultrasounds" provided to them, he alleges that the doctors at the Beckley VAMC "NEVER saw [him] or physically evaluated [him]," and failed to ever perform a cystoscopy. (Compl., at 7) (emphasis in original.) Mr. Mitchell states that the VA did nothing to ease his pain and suffering between finding out about the urinary obstruction and informing him of the diagnosis in 2014.

After what Mr. Mitchell alleges were several cancelled or discontinued appointments by VA physicians, he eventually saw Dr. Ali Suleiman, a physician outside of the VA. Dr. Suleiman diagnosed Mr. Mitchell with "Stage 3 Chronic Kidney Disease." (*Id.* at 8.) Dr. Suleiman referred Mr. Mitchell to an outside urologist, Dr. Faith Payne, who performed a cystoscopy on him on March 13, 2015. Dr. Payne determined that Mr. Mitchell did, in fact, have a bladder obstruction and performed surgery to remove the obstruction on March 25, 2015. Mr. Mitchell twice experienced complications from the surgery and visited the emergency room on March 29, 2015, and April 1, 2015. On May 11, 2015, after another visit with Dr. Suleiman, Mr. Mitchell's

kidney diagnosis was downgraded to Stage 2 kidney disease as a result of the bladder obstruction surgery. According to Mr. Mitchell, these issues eventually lead to a diagnosis of retrograde ejaculation. (*Id.* at 9.)

Mr. Mitchell asserts that multiple doctors at the Beckley VAMC failed to physically evaluate him and make him aware of his diagnoses. Multiple lab tests were provided to physicians along with referrals, but Mr. Mitchell claims those doctors repeatedly chose to discontinue appointments and failed to provide him with proper care, leaving him unaware of the extent of his conditions. Mr. Mitchell took his complaints to Ms. Karin McGraw, the director of Beckley VAMC, but states she never took the opportunity to meet with him. Mr. Mitchell's complaint alleges negligence, malpractice, and delayed care on the part of the VA physicians.

## STANDARD OF REVIEW

### A.     *Objections to PF&R*

This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this Court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). When reviewing portions of the PF&R de novo, the Court will consider the fact that Petitioner is acting *pro se*, and

his pleadings will be accorded liberal construction. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978).

B.   *Motion to Dismiss – 12(b)(1)*

A motion to dismiss pursuant to Rule 12(b)(1) raises the fundamental question of whether a court is competent to hear and adjudicate the claims brought before it. "In contrast to its treatment of disputed issues of fact when considering a Rule 12(b)(6) motion, a court asked to dismiss for lack of jurisdiction may resolve factual disputes to determine the proper disposition of the motion." *Thigpen v. United States*, 800 F.2d 393, 396 (4th Cir. 1986) *rejected on other grounds, Sheridan v. United States,* 487 U.S. 392 (1988) (but explaining that a court should accept the allegations in the complaint as true when presented with a facial attack that argues insufficiency of the allegations in the complaint). Reasonable discovery may be necessary to permit the plaintiff to produce the facts and evidence necessary to support their jurisdictional allegations. *Id.* The plaintiff has the burden of proving that subject matter jurisdiction exists. *See Richmond, Fredericksburg & Potomac R. Co. v. United States,* 945 F.2d 765, 768 (4th Cir.1991). Dismissal for lack of subject matter jurisdiction is proper only if there is no dispute regarding the material jurisdictional facts and the moving party is entitled to prevail as a matter of law. *Evans v. B.F. Perkins Co., a Div. of Standex Int'l Corp.*, 166 F.3d 642, 647 (4th Cir. 1999).

**DISCUSSION**

The Magistrate Judge recommends granting the VA's motion to substitute the United States as the only Defendant and granting the United States' motion to dismiss. He first notes that the United States has provided a certification pursuant to 28 U.S.C. § 2679 proving that the individual named Defendants were employed by the VA and acting within the scope of their office

4

or employment, and that the Plaintiff has failed to provide any factual allegations or proof rebutting this evidence, thus necessitating the substitution of the United States as the Defendant. He further notes that Mr. Mitchell has provided no evidence or indication that he even attempted to comply with the mandatory requirements of the West Virginia Medical Professional Liability Act (MPLA), and that his complaint must therefore be dismissed.

Mr. Mitchell indicates in his objections[1] that it is unclear why he should have to follow state law when he is suing federal employees, arguing that he should not be penalized for failing to comply with the MPLA for this reason. He further notes that he does not understand why he would need an expert witness, given the clarity of the record in his case, and argues that he is prepared to call witnesses who are capable of explaining to a lay person the acts of negligence and malpractice that the VA employees committed. Mr. Mitchell also attempts to invoke Section 6(c) of the MPLA, arguing that the usual pre-filing requirements of the MPLA are not necessary here because the evidence he will obtain through discovery will cure his failure to comply with the MPLA. He asserts that the doctor outside of the VA who performed his surgery would constitute an expert, and that "even a lay person could see that [his condition] was due to neglect of [VA physicians]." (Pl.'s Obj., at 2.)

The Court first finds that Magistrate Judge Aboulhosn appropriately found that the United States should be substituted as the Defendant. Pursuant to United States law,

> [u]pon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States

---

[1] The Court notes that Mr. Mitchell's objections are written in letter form addressed to Judge Aboulhosn noting that "there are just a few things [he does] not understand and would like [Judge Aboulhosn] to clarify." (Pl.'s Obj., at 1) (Document 31.) Although the document is drafted in this manner, given the questions and arguments put forth by the Plaintiff, the Court construes the Plaintiff's questions for clarification as objections to Judge Aboulhosn's PF&R.

> district court shall be deemed an action against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant.

28 U.S.C. § 2679(d)(1). "Once this certification has been made, the United States is substituted as the sole defendant . . . The plaintiff, despite the seeming unfairness, cannot proceed against the individual defendants." *Maron v. United States*, 126 F.3d 317, 321-22 (4th Cir. 1997).

Here, the United States has submitted a certification stating that the individual physicians named by the Plaintiff were employed by the VA and acting within the scope of their employment at the time of the alleged negligence. (Certification, ¶ 2) (Document 12-1.) The Plaintiff has submitted no evidence to refute this certification. Therefore, Magistrate Judge Aboulhosn correctly found that the motion to substitute the United States as the Defendant should be granted, and his recommendation should be adopted.

The Court further finds that Judge Aboulhosn correctly found that Mr. Mitchell was required to comply with the MPLA and did not provide the United States with an appropriate notice of claim or a screening certificate of merit. The FTCA requires tort claims against the United States to first be presented to the appropriate federal agency before suit may be initiated in federal court. 28 U.S.C. § 2675. Claims must be presented to the agency within two years. *Id.* § 2401(b). If the agency denies the claim, a federal tort claim must be filed within six months of the date of mailing of the notice of denial. *Id.* "Because the FTCA merely waives sovereign immunity to make the United States amenable to a state tort suit, the substantive law of the state where the tort occurred determines the liability of the United States." *Raplee*, 842 F.3d. at 331.

Because Mr. Mitchell's allegations occurred in Beckley, the substantive law of West Virginia applies here. The West Virginia MPLA contains procedures and rules applicable to

medical liability suits. Among other things, it requires claimants to serve any health care providers they intend to sue with a notice of claim setting forth the theory of liability, and a screening certificate of merit completed by an expert.[2] Courts within this district have found that the MPLA applies to FTCA actions that involve allegations of medical malpractice. *See, e.g.*, *Johnson v. United States*, 394 F. Supp. 2d 854, 857 (S.D.W. Va. 2005) (Chambers, J.); *Martin v. United States*, No. CIV.A. 1:10-1399, 2012 WL 1111326, at *4 (S.D.W. Va. Mar. 30, 2012) (Faber, S.J.). Where a defendant asserts that the pre-suit notice of claim or screening certification of merit was not legally sufficient, the defendant must provide the plaintiff with specific written notice of the asserted deficiencies, and the plaintiff must have the opportunity to correct any deficiencies. Syl. Pt. 6, *Cline v. Kresa-Reahl*, 728 S.E.2d 87, 89 (W. Va. 2012). In certain circumstances where the information shared fully overlaps, documents filed in an FTCA administrative claim may meet the requirements of a notice of claim under the MPLA. *Johnson*, 394 F. Supp. at 858.

Here, the United States does not claim that Mr. Mitchell's notice of claim or screening certificate was insufficient, but that he failed to serve it with either of those documents altogether. As Magistrate Judge Aboulhosn found, the Plaintiff has presented no evidence to rebut this claim, and in fact asserts that he does not think a screening certificate is necessary because of his "overwhelming evidence." (Pl.'s Resp. in Opp., at 1.) The Plaintiff has presented no evidence to the Court or to the United States at any stage of the proceeding, however. Moreover, even if the "overwhelming evidence" the Plaintiff suggests he has were to render his case within Section

---

2 The screening certificate of merit is to include the expert's familiarity with the standard of care, the expert's qualifications, the expert's opinion regarding breach of the standard of care and the expert's opinion as to causation. W. Va. Code § 55-7B-6(b).

7

6(c) of the MPLA, he has failed to present any evidence showing he attempted to comply with the pre-filing requirements in any manner.

Mr. Mitchell is pro-se, and the Court understands that any case alleging medical malpractice against the VA or the United States in general presents procedural hurdles that even experienced attorneys sometimes struggle to navigate. The Court further notes that, in certain instances, the West Virginia Supreme Court and other courts within this district have emphasized that the MPLA is intended to prevent frivolous medical malpractice lawsuits, and that motions regarding compliance with the MPLA should be reviewed in light of that statutory purpose. *See*, Syl. Pt. 6, *Hinchman v. Gillette*, 618 S.E.2d 387, 389 (W. Va. 2005); *Cooper v. Appalachian Reg'l Healthcare, Inc.*, No. CIV.A. 5:04-1317, 2006 WL 538925, at *2–3 (S.D.W. Va. Mar. 3, 2006) (Faber, C.J.). In some cases, this Court and the West Virginia Supreme Court have found that dismissal was too harsh of a remedy for failure to comply with the MPLA where a plaintiff reasonably—though incorrectly—believed the MPLA did not apply to her claim. *See Gray v. Mena*, 625 S.E.2d 326, 332 (W.Va. 2005); *Sumpter v. United States*, No. 5:16-CV-08951, 2018 WL 2170505, at *6 (S.D.W. Va. May 10, 2018) (holding that "dismissal would be too harsh of a remedy" where a plaintiff failed to comply with the pre-filing requirements of the MPLA but presented documents from medical professionals both within and without the VA opining that the VA should have treated his condition sooner).

Unlike instances cited above, however, where plaintiffs failed to comply with the MPLA because they did not originally allege claims of malpractice or negligence, Mr. Mitchell has clearly stated claims of negligence and medical malpractice from the outset and has presented no evidence to bolster his claims up to this point. At no point during this litigation has Mr. Mitchell provided

8

the VA or the Court any more than mere allegations that VA physicians committed malpractice. This is the exact scenario the MPLA's pre-filing requirements were enacted to prevent. In *Sumpter*, for example, the plaintiff presented this Court with evidence obtained during his administrative claim process that included letters from physicians stating the VA had likely committed malpractice. *Sumpter*, 2018 WL 2170505 at *2. In contrast, Mr. Mitchell has not provided the Court or the United States with any information or reason to believe that his claim is meritorious or that the VA had some understanding of the nature and merits of the claim prior to his filing suit.

## CONCLUSION

WHEREFORE, after thorough review and careful consideration, the Court **ORDERS** that the Plaintiff's objections (Document 31) be **OVERRULED** and that the *Proposed Findings and Recommendation* (Document 30) be **ADOPTED**. The Court **ORDERS** that the *United States' Motion to Dismiss Dr. Ronald C. Motley M.D., Dr. Dave Chaitanya, M.D., and Karin McGraw and Substitute the United States* (Document 12) and the *United States Motion to Dismiss for Failure to Comply with the West Virginia Medical Practice Liability Act* (Document 15) be **GRANTED** and that this matter be **DISMISSED**.

The Court **DIRECTS** the Clerk to send a certified copy of this Order to Magistrate Judge Aboulhosn, to counsel of record, and to any unrepresented party.

ENTER: September 4, 2018

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA